FRANCELLO A. PALMER, COUNTY DRAIN COMMISSIONER, v. A. MILAN WILLETT, JUDGE OF PROBATE OF IONIA COUNTY.

*Drains—Setting aside verdict of jury—Power of probate court.*

The probate court has no power to consider upon its merits a motion to set aside the verdict of a jury in a drain proceeding finding that there was no necessity for the proposed drain.

*Certiorari* to Ionia. (Daboll, J., presiding.) Argued April 2, 1895. Decided April 16, 1895.

Relator applied to the circuit court for *mandamus* to compel respondent to consider a motion to set aside the finding of a jury in a drain proceeding, and respondent brings *certiorari* to review order granting the writ. Reversed. The facts are stated in the opinion.

*John Nichol* and *Ellis & Miller*, for relator.

*Vernon H. Smith*, for respondent.

McGRATH, C. J. This is *certiorari* to review an order made by the circuit court directing the probate court to consider upon its merits a motion to set aside the verdict of a jury finding that there was no necessity for the proposed drain. The grounds of the motion were that—

"*a*—The report and verdict of said jury were brought about as the result of prejudice, undue influence, and partiality.

"*b*—Said jury acted upon an erroneous basis in arriving at their verdict, in taking into consideration, and in being influenced by, the remonstrance offered in evidence by the counsel for the contestants, marked 'Exhibit A,' and in considering and being influenced by the number of persons opposed to the improvements as against the number who were favoring the improvements, and being influenced thereby.

"*c*—The court erred in admitting in evidence the remonstrance attached to the affidavit of John Nichol, and marked 'Exhibit A.'

"*d*—The verdict of said jury was brought about by taking into consideration and acting upon said remonstrance, marked 'Exhibit A.'

"*e*—The verdict of said jury was brought about by improper conduct on the part of said contestants, and undue influence.

"*f*—The verdict of said jury was brought about by prejudice produced by said contestants in conversing and remonstrating and talking with said jury, while they were viewing the premises traversed by said proposed drain, and while they were separate and apart, and not acting together as a jury.

"*g*—That the verdict of said jury was not their honest judgment; but that a portion of said jury believed when they rendered their verdict, and now believe, that said drain was a public necessity, and would be for the benefit of the public health, convenience, and welfare.

"*h*—That said jury took into consideration the present financial condition of some of the parties, as they termed it, and rendered their verdict, in part, because they thought it would be difficult for many persons who were liable to be assessed for the construction of said drain to pay their tax, assessed for such construction, at the present time.

"*i*—Because said jury misconceived and misapplied the law governing such matter, and misconceived their duties.

"*j*—Because said jury misconstrued the argument of counsel in said matter.

"*k*—Because the verdict of said jury was contrary to law.

"*l*—The court erred in rejecting the evidence offered to impeach the evidence of Andrew J. Hale, being a portion of the books of records of drains of the township of Orleans, in reference to drains laid out and established by him, as township drain commissioner of said township.

"*m*—And also other objections, not herein enumerated, but on file in said cause."

The drain law contains no provision empowering the probate court to set aside the verdict of a jury in such case. Section 2 of chapter 5 of Act No. 227, Laws of 1885, provides for an appeal to the township board by one aggrieved *by an assessment*. Section 3 provides that the proceedings in *establishing a drain* shall be subject to review upon *certiorari*. Section 8 of chapter 3 provides that, whenever a jury shall have been demanded,—

"The court shall proceed in the same manner as is provided by law in case a jury is demanded for taking private property for the use of railroad companies, and all further proceedings in the matter had by such court and jury shall be in conformity with the provisions of law, as aforesaid, so far as the same shall apply."

Section 11, as amended in 1891, contemplates the correction of the return of the jury, if not in substantial conformity to the statute. There is no provision of the act requiring confirmation in case of a verdict of no necessity. Section 12 of chapter 3 provides that, in case the jury "shall decide such drain to be unnecessary, they shall so state in their return, and the drain commissioner shall thereupon dismiss the proceedings at the cost of the applicants." The case of *Fort Street Union Depot Co. v. Backus*, 92 Mich. 33, turned upon the construction of How. Stat. § 3467, but the drain law contains no such provision. The general language contained in section 8 of chapter 3, above referred to, can have no application to a situation expressly provided for by the same statute.

The order directing the writ is vacated.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred.
LONG, J., did not sit.